**SCHIAN WALKER, P.L.C**.
1850 NORTH CENTRAL AVENUE, #900
PHOENIX, ARIZONA 85004-4531
TELEPHONE: (602) 277-1501
DALE C. SCHIAN, #010445
EMAIL: dale@biz.law
SCOTT R. GOLDBERG, #015082
EMAIL: scott@biz.law
Attorneys for MorrisAnderson & Associates,
Ltd., Litigation Trustee

Email for Electronic Service and
Court documents: bkdocket@biz.law

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>SWIFT AIR, L.L.C.,<br><br>          Debtor. | No. 2-12-bk-14362-DPC<br><br>CHAPTER 11<br><br>**MOTION FOR ORDER CONTINUING THE TERM OF THE SWIFT CREDITOR TRUST**<br><br>DATE: September 24, 2018<br>TIME: 2:30 p.m.<br>LOCATION: 230 North First Avenue<br>                   Phoenix, Arizona<br>                   Courtroom 603, 6th Floor |

        MorrisAnderson & Associates, Ltd., Litigation Trustee (the "**Trustee**")[1] for Reorganized Debtor Swift Air, L.L.C. (the "**Reorganized Debtor**"), respectfully requests that this Court enter an order extending the term of the Swift Creditor Trust (the "**Creditor Trust**") from its current termination date of October 15, 2018 through and including October 15, 2021. The Swift Air, L.L.C. Creditor Trust Agreement is dated as of October 15, 2013 (the "**Trust Agreement**"). It provides at § 4.01 that the term of the Creditor Trust shall terminate on the

---

[1] Unless otherwise specified herein, all capitalized terms shall have the meaning ascribed to them in the Plan.

00380205.9

earlier of five years from the Effective Date or when all assets have been distributed, but may be extended for good cause with Court approval. The purpose of this extension is to allow the Trustee to complete the adversary proceeding currently pending as Case No. 2:14-ap-00534 (the "**Adversary**"), make final distributions to the Creditor Trust's beneficiaries, wind-up the Creditor Trust, and file necessary documents with this Court. Accordingly, this requested extension of the Creditor Trust's term is necessary to complete the administration of the Creditor Trust and will significantly benefit the Creditor Trust's beneficiaries. This Motion is more fully supported by the following Memorandum of Points and Authorities and the entire relevant record in this bankruptcy proceeding and the Adversary.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

**A.  Jurisdiction**

1. On June 27, 2012, the Reorganized Debtor commenced this Chapter 11 proceeding (the "**Bankruptcy Case**") by filing a voluntary petition under Chapter 11 of the Bankruptcy Code.

2. This Court has jurisdiction over this Chapter 11 proceeding under 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding under 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. On October 1, 2013, the *Third Amended Plan of Reorganization* (the "**Plan**")

[DE 620] was confirmed by order of the Court (the "**Confirmation Order**") [DE 662].[2]

4. The Confirmation Order provides, among other things, that

> the Court shall retain jurisdiction to … decide or resolve any motions, adversary proceedings, contested or litigated matters, and any other matters and grant or deny any applications or motions involving the Debtor, Reorganized Debtor, or the Litigation Trustee that may be pending on the Effective Date or commenced thereafter as provided for by the Plan.

*See* Confirmation Order at Section II, ¶ 18(e).

5. Pursuant to the Plan, the Trustee was appointed as the litigation trustee for the Reorganized Debtor [DE 711].

6. On September 18, 2018 the Court granted a speaking motion to reopen the Bankruptcy Case to consider this Motion.

**B. Background of the Creditor Trust**

7. The Plan provided for the establishment of the Creditor Trust to liquidate the Creditor Trust Assets (defined in the Plan) and make post-Effective Date distributions under the terms of the Plan. *See* Plan at Article 5, ¶ 5.7.

8. In accordance with the Plan, on the Effective Date the Trustee executed a certain the Trust Agreement and accepted the Retained Causes of Action (defined in the Plan) to be transferred to the Creditor Trust. *See Id.* at Article 5, ¶ 5.6.

9. In accordance with the Plan, the Trustee commenced 27 adversary proceedings to recover assets on behalf of the Creditor Trust. All, but one of the adversary proceedings brought by the Trustee have been concluded.

---

[2] Referenced to "DE" used herein shall refer to the administrative docket of the Bankruptcy Case and references to "ADV DE" shall refer to the docket of the Adversary Proceeding.

1. 10. On June 27, 2014, the Trustee commenced the Adversary by filing a *Complaint to Avoid and Recover Fraudulent Transfers* [ADV DE 1].

11. On August 13, 2018, the Court set the Adversary for trial commencing on February 11, 2019 [ADV DE 325].

12. Section 4.01 of the Trust Agreement provides:

> Duration. The existence of this Creditor Trust shall terminate on the earlier of (i) five (5) years after the Effective Date, or (ii) the date on which the Creditor Trust Assets have been either reduced to Cash or equivalents or abandoned and all distributable proceeds have been distributed; *provided, however,* that the Litigation Trustee or another party in interest may move to extend the term of this Creditor Trust, for good cause with the approval of the Court. Notwithstanding anything to the contrary in this Trust Agreement, in no event shall the Litigation Trustee unduly prolong the duration of the Creditor Trust, and the Litigation Trustee shall at all times endeavor to distribute the Distributable Proceeds to the Beneficiaries and terminate the Creditor Trust as soon as practicable in accordance with this Trust Agreement and the Plan.

(Emphasis in original).

13. The Trustee seeks to extend the term of the Creditor Trust to October 15, 2021 or such earlier date on which all Creditor Trust Assets have been reduced to cash or equivalents or abandoned and all distributable proceeds have been distributed.

**II.  NOTICE**

The Confirmation Order at ¶ 30 provides that the only parties to whom notices of matters and proceedings shall be given and on whom service of pleadings is required shall be limited to the Debtor and its counsel, and the Reorganized Debtor and its counsel, by notifying them at the addresses provided in the Confirmation Order. The Trust Agreement provides for notice to the Reorganized Debtor and the Creditor Trust.

Counsel for the Trustee has been in actual, recent communication with each of the parties identified in the Confirmation Order and Trust Agreement, including those whose contact information has changed since entry of the Confirmation Order. The Trustee will provide this Motion and actual notice of the hearing to the Office of the United States Trustee and each of the parties entitled to receive notice as reflected in the attached certificate of service.

**III.   RELIEF REQUESTED**

The Trustee seeks an order extending the term of the Creditor Trust through the earlier of (i) October 15, 2021, or (ii) the date on which the Creditor Trust Assets have been either reduced to cash or equivalents or abandoned and all distributable proceeds have been distributed; *provided however*, that the Trustee or another party-in-interest may move to extend the term of the Creditor Trust, for good cause with the approval of the Court.

**IV.   CONCLUSION**

WHEREFORE, the Trustee respectfully requests this Court enter an order:

A.   Extending the term of the Creditor Trust; and

B.   Closing the Bankruptcy Case.

DATED this 19th day of September, 2018.

                SCHIAN WALKER, P.L.C.

                By  /s/ DALE C. SCHIAN, #010445
                    Dale C. Schian
                    Scott R. Goldberg
                    Attorneys for the Trustee

# CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing, receipt of which constitutes service under L.R. Bankr. P. 9076-1(a), to the following CM/ECF registrants:

Michael W. Carmel, Esq.
Michael W. Carmel, Ltd.
80 East Columbus Avenue
Phoenix, Arizona 85012-4965
Attorney for Debtor Swift Air, LLC
michael@mcarmellaw.com

Teresa M. Pilatowicz, Esq.
Garman Turner Gordon
650 White Drive, #100
Las Vegas, Nevada 89119
Attorneys for Debtor Swift Air, LLC
tpilatowicz@gtg.legal

Jennifer A. Giaimo, Esq.
US Trustee's Office
230 North First Avenue, #204
Phoenix, Arizona 85003-1706
jennifer.a.giaimo@usdoj.gov

I further hereby certify that on September 19, 2018, I electronically transmitted or mailed, postage prepaid, the attached document to the following parties who are not CM/ECF registrants:

Swift Air, L.L.C.
Attn: Chief Executive Officer
2406 South 24th Street, Suite E-101
Phoenix, Arizona 85304

Riemer & Braunstein, LLP
Attn: Steven E. Fox, Esq.
Times Square Tower
Seven Times Square, #2506
New York, New York 10036
sfox@riemerlaw.com

Garman Turner Gordon
Attn: Gerald M. Gordon, Esq.
650 White Drive, #100
Las Vegas, Nevada 89119
ggordon@gtg.legal

-6-
Case 2:12-bk-14362-DPC    Doc 958    Filed 09/19/18    Entered 09/19/18 11:38:09    Desc
Main Document    Page 6 of 7

```
 1                          Morris Anderson & Associates, Ltd.
                                    Attn: Dan Dooley
 2                           55 West Monroe Street, #2500
                                  Chicago, Illinois 60603
 3                              ddooley@morrisanderson.com

 4
                                    /s/ JULIE LARSEN
 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21
```